## Combs, et al. v. Amburgy.

(Decided February 9, 1923.)

### Appeal from Knott Circuit Court.

Highways—Establishment of Passway—Appeal and Error.—Under the provisions of subsection 4 of section 3779a, Kentucky Statutes, an appeal from the county court to the circuit court in a proceeding to have established a private passway, must be taken in thirty days after the judgment of the county court.

DAVID HAYS for appellants.

SMITH & COMBS and H. H. SMITH for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Affirming.

Appellee instituted a proceeding in the Knott county court seeking to have established for his benefit a private passway over the lands of appellants. The proceeding was instituted on the 6th day of February, 1919. Commissioners were appointed and the report made by them bears date February 14, 1919, and was filed with the clerk of the county court on the 3rd day of March, 1919.

The report established the passway by metes and bounds and required the applicant to pay all necessary costs and to pay for making the fence and necessary gates thereon and keeping the same up.

The next regular term of the Knott county court after the filing of the report by the commissioners was on the 17th day of March, and on that day, no exceptions having been filed, the report was received and confirmed. The defendants, however, appeared on the 18th day of March

and tendered and offered to file exceptions to the report, but the court declined to consider the exceptions.

The defendants thereafter, on the 7th day of May, 1919, some forty days or more after the entry of the judgment in the county court, undertook to prosecute an appeal to the Knott circuit court. In the circuit court appellants entered a motion to remand the cause to the Knott county court and filed an affidavit in support of the motion, and at the same time the plaintiff, appellee in the circuit court, entered his motion to dismiss the appeal. The court dismissed the appeal and from that order this appeal is prosecuted.

Chapter 94a, Carroll's 1922 Statutes, deals exclusively with private passways and largely with the method of procedure in such cases. Subsection 4 of section 3779a is a part of that chapter and on the question of appeals from the county court to the circuit court expressly provides:

"Either party may appeal to the circuit court, by executing bond as required in other cases, within thirty days, and the appeal shall be tried *de novo.*"

It requires no argument to show that the appeal in this case was not prosecuted within the time prescribed by the statute, and the action of the trial court was therefor proper.

If, for any reason, as is suggested, the judgment of the county court establishing the passway is void, appellants are not precluded from raising that question in a proper proceeding.

Judgment affirmed.